# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| James R. Padula and Kathleen V. Padula, individually, and on behalf of all others similarly situated,<br><br>　　　　Plaintiff<br><br>　vs.<br><br>Servis One, Inc. d/b/a BSI Financial Services,<br><br>　　　　Defendant | Case No. 1:19-cv-05567<br><br>Judge Thomas M. Durkin<br><br>Magistrate Judge Jeffrey Cole |

## MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) AND INCORPORATED MEMORANDUM OF LAW

Servis One, Inc. d/b/a BSI Financial Services ("BSI"), respectfully requests that this Court dismiss the complaint of James R. Padula and Kathleen V. Padula with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The gravamen of the complaint is that BSI improperly added late fees to their account, but the Padulas fail to plead a claim upon which relief can be granted for multiple reasons. First and foremost, the Padulas do not plead compliance with their loan's notice-and-cure requirement. Absent such compliance, they cannot maintain a cause of action against BSI for claims arising under their mortgage contract. Second, the complaint fails to rise above the speculative level—it does not identify *how* BSI allegedly communicated the purportedly wrongful late charges to the Padulas—and thus fails to plead any violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, *et seq.*

81319226v.1

## FACTUAL BACKGROUND

This matter arises from a mortgage contract and the Padulas' subsequent default on the terms of that contract. The Padulas allege[1] that they executed a mortgage (the "Mortgage") in favor of Quicken Loans, Inc. in 2007. (Compl., ¶ 15.) The Mortgage secured the repayment of a loan, evidenced by a note (the "Note"), used to purchase a residence located at 1814 Northshire Drive, Plainfield, Illinois 60586 (the "Property"). (*Id*., ¶¶ 16-17.) In 2013, the Padulas defaulted on their monthly payments. (*Id*., ¶ 19.) After their default, the Mortgage was transferred twice: first, to Nationstar Mortgage, LLC, which accelerated the loan, declared the entire balance due, and then filed a foreclosure lawsuit against the Padulas in 2014. (*Id*., ¶¶ 20-23.) Later, the Mortgage was transferred to BSI in September 2017. (*Id*., ¶ 24.) After BSI obtained its interest in the Mortgage and Note, it allegedly assessed late fees on the account from April 2018 to June 2019 in the amount of $18.48 per month. (*Id*., ¶¶ 25-39.) This allegedly misled the Padulas into believing that they owe the post-acceleration late charges, even though they have not reinstated nor have they attempted to reinstate the Note and Mortgage. (*Id*., ¶¶ 40-41.)

After their default and the filing of the foreclosure lawsuit, Kathleen Padula filed for bankruptcy protection in the Northern District of Illinois Bankruptcy Court in Case No. 15-09538 (the "Bankruptcy"). (Bankr. Pet., attached hereto as "Exhibit 1.")[2] Within the Bankruptcy, Kathleen Padula filed a plan, and then on May 13, 2015, a modified plan (the "Modified Plan").

---

[1] BSI assumes that the factual allegations in the complaint are true for purposes of this motion only. BSI is not admitting to those allegations.

[2] The bankruptcy petition, and other documents filed in the bankruptcy court, are subject to judicial notice and may be considered by this Court when ruling on a motion brought under Rule 12(b)(6). *See Fricke v. Healthcare Revenue Recovery Group, LLC*, No. 15 C 3364, 2015 WL 4778527, at *1 n1 (N.D. Ill. Aug. 12, 2015) ([T]his court may also take judicial notice of matters of public record when considering a 12(b)(6) motion…. Accordingly, the court has looked to pleadings and orders filed in plaintiff's related bankruptcy case.")

81319226v.1

(Modified Plan, attached hereto as "Exhibit 2.") The Modified Plan provided that Kathleen Padula would "make current monthly payments…increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters—directly to" Nationstar Mortgage.[3] (Ex. 2 at 2.) The bankruptcy court confirmed the Modified Plan on May 15, 2015. (Order Confirming Plan, attached hereto as "Exhibit 3.")

Kathleen Padula (and presumably, James Pedula, though he is not a debtor in the Bankruptcy) did not properly make payments under the Modified Plan. In January 2017, Nationstar submitted an agreed repayment plan and default order to the Court, which the Court entered. (Agreed Repayment Plan and Default Order, attached hereto as "Exhibit 4.") Then in April 2019, the mortgagee[4] moved to lift the stay on the basis of Kathleen Padula's default in making payments under the Modified Plan. (Motion for Relief from Automatic Stay, attached hereto as "Exhibit 5.") On May 3, 2019, the bankruptcy court granted the relief from the automatic stay. (Order Granting Relief from Stay, attached hereto as "Exhibit 6.")

On August 19, 2019, the Padulas filed their current complaint, seeking relief under the FDCPA and ICA, both individually and on behalf of a putative class.

**LEGAL STANDARD**

Rule 12(b)(6) compels dismissal of a complaint that fails to state a claim upon which relief can be granted. "In resolving a Rule 12(b)(6) motion, the court assumes the truth of the complaint's well-pleaded factual allegations, though not its legal conclusions." *Booker v. New Penn Fin., LLC*, 575 B.R. 823, 824 (N.D. Ill. 2017) (citing *Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082,

---

[3] Nationstar serviced the Note and Mortgage at the time the plan was confirmed. (Compl., ¶¶ 20, 24.)

[4] The motion was brought by U.S. Bank Trust National Association, as Trustee of the Igloo Series III Trust. BSI services the Note and Mortgage on behalf of that trustee.

3

1087 (7th Cir. 2015)). The Court must consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019 (7th Cir. 2013) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n. 1 (7th Cir. 2012)). "If, when viewed in a light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case." *Nationscredit Home Equity Services Corp. v. City of Chicago*, 135 F. Supp.2d 905, 908 (N.D. Ill. 2001) (citing *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987)).

To survive a motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**ARGUMENT**

**A.   The Padulas fail to plead that they complied with the Mortgage's notice-and-cure provision.**

The Padulas' complaint fails to state a claim under Rule 12(b)(6) because it does not plead compliance with the Mortgage's[5] notice-and-cure provision, which provides that "[n]either Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument, until such Borrower or Lender has notified the other party…of such

---

[5] The Mortgage was filed within the Bankruptcy as an exhibit to the motion for relief from stay. (Exhibit 5, Bankr. at ECF 63-2.) In addition, it is separately subject to judicial notice as it is a document recorded with the Will County Recorder of Deeds as document number 2006119403. *See Hardaway v. CIT Group/Consumer Finance, Inc.*, 836 F. Supp.2d 677, 686 (N.D. Ill. 2011) (taking judicial notice of documents available to the public via the website of the Cook County Recorder of Deeds). Further, the Padulas have judicially admitted that they executed the Mortgage. (Compl., ¶ 15.) Kathleen Padula further separately admitted to its authenticity through the various filings she made in the Bankruptcy.

4

alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action." (Ex. 5, ¶ 20.)

This notice-and-cure provision serves an important purpose. By requiring the Padulas to provide notice and an opportunity to cure to BSI *before* filing a lawsuit, it has the capacity to prevent needless litigation. For instance, if the Padulas had informed BSI that they believed they were being improperly charged for post-acceleration late fees, BSI could have explained the circumstances under which late fees would be (lawfully) collected or otherwise tried to reach a mutually agreeable accommodation. The parties and this Court could have then avoided the time and significant expense associated with this lawsuit.

The Padulas' failure to comply with the notice-and-cure provision is dispositive of this lawsuit, as explained recently in a nearly identical case. *Rodriguez v. Rushmore Loan Management Services, LLC*, No. 18-cv-1015, 2019 WL 423375, at *6 (N.D. Ill. Feb. 3, 2019). Just as the Padulas allege, the plaintiff in *Rodriguez* asserted that her loan servicer violated §§ 1692e and 1692f of the FDCPA by "threatening to impose late fees that Defendant was not legally entitled to impose, since Plaintiff's Mortgage had been accelerated and Plaintiff had not sought to reinstate it." *Rodriguez,* 2019 WL 423375 at *2. The *Rodriguez* court held that "Plaintiff was required to comply with the Mortgage's notice and cure provision prior to filing this suit. Because Plaintiff does not allege that she did so, the Complaint must be dismissed." *Id.* At *6.

The Court's decision in *Rodriguez* is supported by decisions throughout the country that have dismissed similar claims when the plaintiff fails to affirmatively plead compliance with the notice-and-cure provision in the mortgage. *See, e.g., Michael v. CitiMortgage, Inc.,* No. 16-CV-07238, 2017 WL 1208487, at *4 (N.D. Ill. Apr. 3, 2017) ("Here, the Court dismisses Plaintiff's claims because she failed to allege compliance with the notice provision in her contract."); *Giotta*

5

*v. Ocwen Loan Servicing, LLC*, 706 F. App'x 421, 423 (9th Cir. 2017) ("Because the Giottas failed to provide pre-suit notice to Ocwen in accordance with the Deed of Trust, the district court properly dismissed the case."); *Johnson v. Countrywide Home Loans, Inc.,* No 1:10cv1018, 2010 WL 5138392, at *2 (E.D. Va. Dec. 10, 2010) (dismissing statutory claims (including an FDCPA claim) for failure to plead compliance with notice-and-cure provision); *Hill v. Nationstar Mortg., LLC,* No. 15-60106-CIV, 2015 WL 4478061, at *3 (S.D. Fla. Jul. 6, 2015) (dismissing RICO, breach of contract, and unjust enrichment claims for failure to plead compliance with notice-and-cure provision).

That same result is mandated here. The Padulas' claims arise from the Mortgage—they claim that BSI has improperly added post-acceleration late charges to their account. Because it arises under the Mortgage, they were required to both notify BSI of the purportedly improper late charges and allow BSI an opportunity to cure the purported issue before filing suit. Since they do not plead compliance with that condition, their complaint should be dismissed.

**B.     The complaint is insufficiently vague as to the nature of any alleged communications with the Padulas.**

The Padulas' complaint claims that BSI improperly assessed late fees on their Mortgage loan from April 2018 to June 2019. (Compl., ¶ 25-39.) As a result, they allege that BSI is liable under section 1692e(10) (prohibiting a debt collector from using any false or deceptive means in connection with the collection of any debt) and 1692f (1) (prohibiting the collection of any amount not expressly authorized by the agreement creating the debt or permitted by law) of the FDCPA, and also section 2 of ICFA. (Compl., ¶¶ 51, 53.)[6] All three claims are based on purported representations that BSI made to the Padulas in a purported attempt to collect the debt. However,

---

[6] The complaint has two separate paragraphs labeled "53" because Count I ends at paragraph 55 and Count II starts at paragraph 51. BSI is attempting to cite to both here.

6

the Padulas' complaint never pleads when or how any such representations occurred.[7] Instead, it simply pleads that late fees were assessed. But adding late fees to an account and never communicating that addition to a party (for example, by never attempting to collect a debt) cannot possibly violate either section of the FDCPA relied on by the Padulas because both sections prohibit certain types of *communications* in the collection of the debt. *See* 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692f(1). Likewise, their ICFA claim is premised on allegedly deceptive representations made in the context of attempting to collect a debt. (Compl., ¶ 53 at Count II.)

By failing to plead any information concerning the nature of the purported communications from BSI, the Padulas have necessarily failed to plead any claim above the speculative level. Their complaint should therefore be dismissed. *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

## CONCLUSION

For the foregoing reasons, Defendant Servis One, Inc. d/b/a BSI Financial Services respectfully requests that this Court dismiss the complaint with prejudice and grant all other relief that is appropriate and just.

|  |  |
|---|---|
| Date: September 16, 2019 | SERVIS ONE, INC. D/B/A<br>BSI FINANCIAL SERVICES |
| Douglas R. Sargent (IL 6290671)<br>Ryan A. Sawyer (IL 6293696)<br>LOCKE LORD LLP<br>111 South Wacker Drive<br>Chicago, IL 60606<br>Phone: 312-443-1751 (RAS)<br>*dsargent@lockelord.com*<br>*ryan.sawyer@lockelord.com* | By:   /s/ Ryan A. Sawyer<br>         *One of its Attorneys* |

---

[7] Counsel for the Padulas has since explained to BSI's counsel that the late fees were purportedly included as an attachment to some documents filed in the foreclosure lawsuit. Notwithstanding that out-of-court explanation, the pleading is still deficient.

## **CERTIFICATE OF SERVICE**

I, Ryan A. Sawyer, an attorney, certify that I caused the attached *Motion to Dismiss* to be filed through the Court's ECF/CM system on September 16, 2019, which will provide notice to be served on all parties of record.

    /s/ Ryan A. Sawyer